IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01788-WYD-KMT

ARAPAHOE COUNTY WATER AND WASTEWATER PUBLIC IMPROVEMENT DISTRICT; and
ARAPAHOE COUNTY WATER AND WASTEWATER AUTHORITY,

    Plaintiffs,

v.

HDR ENGINEERING, INC.,

    Defendant.

## ORDER

    This matter is before the Court in connection with Plaintiffs' Motion to Review Clerk's Action Regarding Costs [ECF No. 104], filed May 18, 2011.  I have also considered Defendant HDR Engineering, Inc.'s Response [ECF No. 105], filed May 27, 2011 and Plaintiffs' Reply [ECF No. 106], filed June 2, 2011.

    Plaintiffs request that I review the Clerk's taxation of costs and that I further tax costs incident to the taking of six additional depositions of Plaintiffs' witnesses.  The Clerk allowed costs incident to taking several depositions, but did not tax costs associated with taking the depositions of any of Plaintiffs' witnesses.  Plaintiffs contend that the Clerk should have taxed the costs incident to taking the depositions of all individuals who testified at trial, regardless of which side called the witness.

    Defendant responds that the transcripts of the depositions of their own witnesses were used for Plaintiffs' convenience and for discovery purposes.  Defendant therefore

requests that I affirm the Clerk's decision.

Allowable costs are delineated under 28 U.S.C. § 1920.  The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920.  *English v. Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001).  Expenses not specifically authorized by the statute are not recoverable as costs.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir.1990).

Under 28 U.S.C. § 1920(2), "[w]hen a deposition is reasonably necessary to the litigation, the resulting costs are generally allowable."  *Karsian v. Inter–Regional Financial Group Inc.*, 13 F.Supp.2d 1085, 1088 (D.Colo.1998)(citations omitted).  Further, "costs of both the stenographic transcription and the videotaping of the deposition of individuals who later testified at trial are taxable."  *Id*.  That said, "if the deposition was taken simply for discovery purposes, then costs are not recoverable." *Id*.

Here, Plaintiffs have not met their burden to show that the transcripts of the depositions of their own witnesses are authorized by Section 1920 and that they were "reasonably necessary to the litigation."  Plaintiffs only argument is that the witnesses testified at trial and that the transcripts were used to prepare for trial.  But Plaintiffs do not explain why this use was not simply for their convenience.  As such, I affirm the Clerk's decision regarding costs.  Accordingly, it is

ORDERED that Plaintiffs' Motion to Review Clerk's Action Regarding Costs [ECF No. 104] is **DENIED**.

Dated:  June 16, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge