IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01788-WYD-KMT

ARAPAHOE COUNTY WATER AND WASTEWATER PUBLIC IMPROVEMENT DISTRICT; and
ARAPAHOE COUNTY WATER AND WASTEWATER AUTHORITY,

    Plaintiffs,

v.

HDR ENGINEERING, INC.,

    Defendant.

# ORDER

THIS MATTER is before the Court on Plaintiffs Arapahoe County Water and Wastewater Public Improvement District and Arapahoe County Water and Wastewater Authority (collectively, "ACWWA") Motion for Attorney's Fees and Engineer's Fees [ECF No. 98], filed April 11, 2011, in which Plaintiffs seek awards of $560,908.82 in attorneys fees and $189,917.36 in engineers fees incurred in ACWWA's pursuit of its breach of contract claim against HDR Engineering ("HDR").  Collectively, Plaintiffs seek $750,826.18 in fees.  HDR filed a response on May 2, 2011 [ECF No. 101] and ACWAA filed a reply on May 16, 2011 [ECF No. 103].

I.    <u>Introduction</u>

By way of background, I note that Plaintiffs ACWWA initiated this action on July 31, 2008 in Arapahoe County District Court.  The case arose out of the construction of two water projects in Arapahoe County in 2004—the Chapparal Pump Station and the

Loyd Well. The Plaintiffs and HDR entered into two separate contracts, one for each of these projects. The case was removed to this court on August 21, 2008, [ECF No. 1]. Plaintiffs initially brought four claims[1] against HDR seeking over $1.7 million in damages. At trial the jury was asked to decide three claims: whether HDR breached the Chapparal Contract by (1) failing to exercise the standard of care set forth in the contract, leading to construction of the pump project at the wrong elevation; and/or (2) by submitting invoices and receiving payment of invoices that misrepresented the time and services performed by HDR for the Chapparal Pump Station Project; and (3) whether HDR breached the Loyd Well Contract by submitting invoices and receiving payment of invoices that misrepresented the time and services performed by HDR for the Loyd Well project. Final Jury Instructions [ECF No. 91], filed March 11, 2011. Pursuant to Section 6.11(A)(3) of the Chapparal Contract, the jury was further instructed to determine whether any damages suffered by ACWWA were caused in part by the negligence of ACWWA and if so, what percentage share of the damages was attributable to ACWWA. *Id.*

At trial, ACWAA presented evidence that its damages were approximately $1.7 million. After a five-day trial that concluded on March 11, 2011, the jury returned a verdict in favor of Plaintiffs' claim for breach of the Chapparal contract, finding that HDR failed to exercise the standard of care set forth in the Chapparal Pump Station Contract ("Chapparal Contract") and awarding Plaintiffs only $65,000 in damages for this breach.

---

[1] The four claims laid out in the Final Pretrial Order, [ECF No. 51], filed April 28, 2011 included: (1) Breach of the Chapparal Pump Station Contract; (2) Breach of the Loyd Well Station Contract; (3) Negligence; and (4) Intentional Misrepresentation of hours worked by HDR at the Chapparal Pump Station and Loyd Well Projects. The negligence claim was dismissed before trial. [ECF No. 71], filed February 25, 2011.

Verdict Form, Minute Entry for Jury Trial (Day 5) [ECF No. 93], filed March 11, 2011. HDR prevailed on the billing breach of contract issues for both the Chapparal Contract and the Loyd Well Contract. *Id.* Additionally, the jury did not find that any part of the damages suffered by ACWWA was caused by ACWWA's own negligence. *Id.*

By Order dated June 16, 2011 [ECF No. 107] I denied Plaintiff's Motion to Review Clerk's Action Regarding Costs [ECF No. 104], filed May 18, 2011. The Clerk allowed costs incident to the taking of several depositions in the total amount of $5,052.99, but did not tax costs associated with taking the depositions of six of the Plaintiffs' own witnesses. [ECF No. 102], filed May 11, 2011. I denied Plaintiff's motion to review costs taxed and to further tax the costs incident to the depositions of the six Plaintiffs' witnesses because Plaintiffs failed to meet their burden to show that the transcripts of the depositions were "reasonably necessary to the litigation" under 28 U.S.C. § 1920(2), rather than merely for Plaintiffs' own convenience during discovery.

In the instant motion ACWWA seeks attorneys fees and engineers fees based on language found in Section 6.11(A)(1) of the Chapparal Contract which reads:

> To the fullest extent permitted by law, ENGINEER shall indemnify and hold harmless OWNER, OWNER'S officers, directors, partners, and employees from and against any and all costs, losses and damages (including but not limited to all fees and charges of engineers, architects, attorneys and other professionals, and all court or arbitration or other dispute resolution costs) caused solely by the negligent acts or omissions of the ENGINEER or ENGINEER's officers, directors, partners, employees, and ENGINEER's Consultants in the performance and furnishing of ENGINEER's services under this Agreement.

Since they prevailed at trial on one breach of contract claim, Plaintiffs assert that this language entitles them to recover the attorneys and engineers fees, which were

incurred while pursuing this claim.  Plaintiffs seek fees associated with the work of thirty-seven different attorneys and engineers.

HDR contends that I should deny Plaintiffs' Motion for two reasons.  First, HDR asserts that the Chapparal Contract language is merely an indemnification clause that applies solely to third party claims, and not to claims between the parties.  In the absence of a prevailing party clause, HDR argues the court should enforce the traditional "American Rule," requiring the parties to bear their own legal expenses.  Second, even if the Chapparal Contract contained a prevailing party clause, HDR contends ACWWA failed to demonstrate that it was a prevailing party and that its legal and engineering fees are reasonable.

II.  Analysis

a.  Legal Standard

Colorado follows the American Rule governing attorneys fees which provides that "[i]n the absence of a statute or private contract to the contrary, attorney fees and costs are not recoverable." *Bunnett v. Smallwood*, 793 P.2d 157 (Colo. 1990) (en banc); *Hedgecock v. Stewart Title Ins. Co.*, 676 P.2d 1208, 1211  (Colo. App. 1983).  In this case, the Chapparal Contract contains an indemnification clause mentioning both attorneys fees and engineers fees.  Specifically, the indemnification provision provides for attorneys and engineers fees for acts "caused solely by the negligent acts or omissions of [HDR]…in the performance and furnishing of [HDR's] services under this Agreement."

The interpretation of a contract is a question of law.  *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 517 (Colo. App. 2006).  In construing this clause of the

4

Chapparal Contract, the primary obligation "is to effectuate the intent of the contracting parties according to the plain language and meaning of the contract." *Albright v. McDermond*, 14 P.3d 318, 322 (Colo. 2000). "The overriding rules of contract interpretation require a court to apply the plain meaning of the words used, subject to interpretation from the context and circumstances of the transaction." *Albright*, 14 P.3d at 222.

      b. <u>Whether the Indemnification Clause in the Chapparal Contract Entitles Plaintiffs to Recover Legal and Engineer Fees?</u>

In its response to Plaintiffs' motion, HDR asserts that the language in the Chapparal Contract should be construed as an indemnification clause applicable only to third party claims rather than one applicable to intra-party disputes. Typically, "an indemnity provision … applies to a claim asserted by a third-party against the indemnitee, not to a claim based upon injuries or damages suffered directly by the indemnitor." *Regency Realty Investors, LLC v. Cleary Fire Protection, Inc.* 260 P.3d 1, 6 (Colo. App. 2009). Where the plain language of the contract indicates the parties intended to indemnify each other from potential liabilities owed to third parties, this language does not give rise to an award of attorneys fees for suits between the parties to the contract. *Mesa Sand and Gravel Co. v. Landfill, Inc.* 759 P.2d 757, 760 (Colo. App. 1988), *rev'd in part on other grounds*, 776 P.3d 362 (Colo. 1989)

In *Mesa Sand*, the indemnity provision stated, "Mesa and Landfill agree to indemnify and hold the other harmless from any and all claims, damages, suits, liabilities, costs and expenses (including but not limited to attorneys fees and expenses of investigation) which the other party might suffer as a result of the activities or

negligence of the other party." *Id.* at 760.  The *Mesa Sand* court applied the indemnification section of the contract only to third party claims because it concluded that " to allow the term 'activities' to include the act of performing the contract itself [was] to strain the plain meaning of the agreement and distort the parties intention." *Id.* Unlike *Mesa Sand*, which only referred to generally to the "activities or negligence of the other party," the Chapparal Contract provides for attorney fees "caused" by HDR in the "performance and furnishing of [HDR's] services under the contract.  Plaintiffs use this difference in language to distinguish the *Mesa Sand* case; however, I do not find their argument persuasive.  The additional language limits the scope of the indemnification, but would not alter the meaning of the word indemnification itself, which inherently relates to third party claims.

Moreover, the *Regency Realty* court declined to depart from the line of Colorado cases concluding that similar indemnity provisions did not apply to fees incurred during litigation to recover damages between the two parties to the contract.  *See Regency Realty*, 260 P.3d at 6 (citing to *May Dept. Stores Co. v. University Hills, Inc.*, 789 P.2d 434, 437 (Colo. App. 1989) and *Mesa Sand*, 759 P.2d at 760)).  As in *Regency Realty* and *Mesa Sand*, the language involved here is a simple indemnification clause rather than one specifying that it is applicable to suits between the parties themselves. Plaintiffs fail to explain why the language in the Chapparal Contract would warrant departure from the *Regency Realty* line of cases.

Plaintiffs rely on the comparative negligence jury instruction derived from language included within the indemnification section of the Chapparal Contract to

6

bolster their interpretation of the indemnification clause.  Specifically, Section 6.11(A)(3) of the Chapparal Contract states that,

> To the fullest extent permitted by law, ENGINEER's total liability to OWNER and anyone claiming by, through, or under OWNER for any cost, loss or damages cause in part by the negligence of ENGINEER and in party by the negligence of OWNER or any other negligent entity or individual, shall not exceed the percentage share that ENGINEER's negligence bears to the total negligence of OWNER, ENGINEER, and all other negligent entities and individuals.

Plaintiffs argue that Jury Instruction No. 20, which is based on this section of the Contract, could not have been given if the indemnification section applied solely to third party liability.

Although both clauses are found within the indemnification section, Section 6.11(A)(3) serves to limit HDR's "total liability" for any damages suffered by ACWWA, while the language in Section 6.11(A)(1) limits the scope of third-party indemnification specifically.  Therefore, a jury instruction on comparative negligence derived from the "total liability" clause in Section 6.11(A)(3) does not require that the language of Section 6.11(A)(1) result in an award of attorneys fees for disputes between the two parties to the contract.

    c.  <u>Whether the Plaintiffs Should Be Awarded Fees Under a Prevailing Party Analysis?</u>

Under Colorado law, a prevailing party may recover attorneys fees if authorized by statute or contract.  *Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 503 (Colo. App. 2003).   The parties agree that language in the Chapparal Contract does not include a prevailing party provision.  However, even assuming a basis for awarding fees under the Contract existed, I find that ACWWA is not a prevailing party.

The first issue to address, according to the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), is whether the plaintiff was a prevailing party. The determination of which party prevailed is committed to the discretion of the trial court and is subject to an abuse of discretion standard of review on appeal. *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 328, n. 6 (Colo. 1994) (citing *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir.1990)). Colorado courts have found that a 'prevailing party' is one who prevails on a significant issue in the litigation and derives some of the benefits it seeks. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). Generally, "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc.*, 884 P.2d at 327 (Colo. 1994).

However, "[w]hen a case involves many claims, some of which are successful and some of which are not, it is left to the sole discretion of the trial court to determine which party, if any, is the prevailing party." *Archer*, 90 P.3d at 231. If the situation arises "where either party could arguably be considered the 'prevailing party,' the trial court is in the best position to evaluate the relative strengths and weaknesses of each party's claims, the significance of each party's successes in the context of the overall litigation, and the time devoted to each claim." *Archer*, 90 P.3d at 231. However, the trial court may rule that neither party prevailed and award no fees. *Lawry v. Palm*, 192 P.3d 550, 570 (Colo. App. 2008); *Remote Switch Sys., Inc. v. Delangis,* 126 P.3d 269, 274 (Colo. App. 2005).

If the Court determines the plaintiff is a prevailing party, the Court then turns to the reasonableness of the attorney fees sought. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.*

In this case, ACWWA lost on three out of its four causes of action and recovered only $65,000 of the $1.7 million it sought to recover at trial. Plaintiffs now seek more than ten times the amount that was awarded at trial in the form of attorney and engineer fees. Although ACWWA prevailed on one of its breach of contract claims, I find that in the context of the overall litigation this limited success does not warrant designating ACWWA as the prevailing party. Because I have determined that the ACWWA is not the "prevailing party" in this case, the Plaintiffs cannot recover attorneys or engineering fees even if there were a basis for assertion of such a recovery.

For the reasons set forth herein, it is hereby

ORDERED that Motion for Attorney's Fees and Engineer's Fees [ECF No. 98], filed April 11, 2011, is **DENIED**.

Dated: October 21, 2011

                                        BY THE COURT:

                                        <u>s/ Wiley Y. Daniel</u>
                                        Wiley Y. Daniel
                                        Chief United States District Judge